# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

───────────

No. 99-2313

───────────

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Earl Mitchell, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

───────────

Submitted:  December 14, 1999

Filed:  December 23, 1999

───────────

Before WOLLMAN, Chief Judge, FAGG, Circuit Judge, and BATTEY,* District
Judge.

───────────

PER CURIAM.

When Earl Mitchell invited police officers into his home during the investigation
of a domestic dispute, the officers noticed a shotgun in plain view. After leaving
Mitchell's house, the officers confirmed their suspicion that Mitchell was a convicted
felon and verified that Mitchell purchased the shotgun. Later that day, as Mitchell
drove up to his house, the officers stopped him with their weapons drawn, ordered

───────────

*The Honorable Richard H. Battey, United States District Judge for the District
of South Dakota, sitting by designation.

Mitchell out of the car and onto the ground, handcuffed him, and arrested him on the charge of being a felon in possession of a firearm. When the officers asked Mitchell for permission to enter his home and get the gun, Mitchell said, "[Y]ou might as well." The officers then removed the house key from Mitchell's pocket and retrieved the shotgun.

Mitchell appeals the district court's denial of his motion to suppress the shotgun, arguing the Government did not establish by a preponderance of the evidence that Mitchell voluntarily consented to the search of his residence and the retrieval of his gun. We disagree. In concluding Mitchell's consent was voluntary, the district court considered the totality of the circumstances, stating:

> [T]he evidence reflects that police noticed a smell of alcohol on [Mitchell], he was not given *Miranda* warnings prior to his consent, the arrest was intimidating, and he was under arrest when "consent" was given. However, [Mitchell] is not a minor, and appears to have general intelligence and education as demonstrated by his correspondences with the Court. [Mitchell] had been arrested and convicted previously, thus indicating he was not a novice in criminal matters. The record does not indicate [Mitchell] was detained for a long period of time nor made promises by the police. In addition, his "consent" was given in a public place and witnesses did not observe him protest the search and seizure. This Court finds that the totality of the circumstances indicate that consent was voluntarily given by [Mitchell] . . . .

Having carefully reviewed the record and the parties' briefs, we conclude the district court did not commit clear error in finding Mitchell's consent was voluntary. See Schneckloth v. Bustamonte, 412 U.S. 218, 232-34 (1973) (voluntariness of consent determined by weighing totality of circumstances); United States v. Czeck, 105 F.3d 1235, 1239 (8th Cir. 1997) (same). We thus affirm the denial of Mitchell's motion to suppress.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.